

**ENTERED**
**06/03/2008**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|                          |   |                          |
|--------------------------|---|--------------------------|
| IN RE                    | ) |                          |
|                          | ) |                          |
| RICKY H. BIENZ and       | ) | CASE NO. 05-36632-H3-13  |
| PEGGY S. BIENZ,          | ) |                          |
|                          | ) |                          |
| Debtors,                 | ) |                          |
|                          | ) |                          |

MEMORANDUM OPINION

The court has held a hearing on the "Application for Approval of Settlement of Personal Injury Claim" (Docket No. 61) and the "Application to Employ Counsel Nunc Pro Tunc" (Docket No. 62).  The following are the Findings of Fact and Conclusions of Law of the court.  A separate Judgment will be entered denying without prejudice the applications as moot.  To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such.  To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Ricky H. Bienz and Peggy S. Bienz ("Debtors")[1] filed a voluntary petition under Chapter 7 of the Bankruptcy Code on April 28, 2005.

---

[1]When used in the singular in this opinion, "Debtor" refers to Ricky Bienz.

Approximately one month prior to the date of filing of the petition in the instant case, Debtor was injured in an automobile collision with an airport bus.

On May 23, 2005, approximately one month after the date of filing of the petition, Debtor signed a contingent fee agreement with Jim S. Adler and Associates ("Adler") as Debtor's attorney to pursue recovery for the personal injury.

Debtor did not initially list the personal injury cause of action on his schedules or statement of financial affairs. (Docket Nos. 1, 11).

The instant case was converted to a case under Chapter 13 of the Bankruptcy Code by order entered July 13, 2005.

On a date as to which there is no evidence, Adler referred the matter to the Law Office of Stephen Liss, PC ("Liss").  Liss negotiated a settlement of the matter for $35,000.

On December 10, 2007, Debtor amended his schedules and statement of financial affairs.  On the amended schedules and statement of financial affairs, Debtor for the first time disclosed the personal injury cause of action.  Debtor listed the cause of action with an unknown value.  At the same time, Debtor declared the personal injury cause of action as exempt, pursuant to 11 U.S.C. §§ 522(d)(11) and 522(d)(5).  (Docket No. 60).

No party in interest objected to Debtors' exemptions.

2

In the instant motions, Liss seeks approval of the settlement, employment as counsel for Debtor nunc pro tunc to an unspecified date, and approval of the proposed distribution of the settlement funds.

The proposed settlement distribution, a copy of which was attached to both motions, calls for payment of $9,389.24 in what are represented to be expenses to medical providers and the two law firms, plus $8,400 in attorney fees to Liss and $5,600 in attorney fees to Adler. This calculation leaves a remainder of $11,610.76 for Debtor. Debtor asserts that the funds to be distributed under the settlement are exempt funds.

At the hearing on the instant motion, Liss stated that he believes the settlement is favorable for Debtor. No evidence was adduced. The Chapter 13 Trustee supports approval of both the settlement and the employment of Liss.

<u>Conclusions of Law</u>

Prepetition causes of action for personal injury are initially property of the bankruptcy estate. Under Section 541,[2] all legal and equitable interests of the debtors in property as of the commencement of the case are property of the bankruptcy estate. Notwithstanding this broadly inclusive definition, the debtor may seek to exempt property from the bankruptcy estate by means of Section 522 or other nonbankruptcy law. <u>In re Wischan</u>,

---

[2]All references are to the Bankruptcy Code, 11 U.S.C. § 101 et seq., unless otherwise noted.

77 F.3d 875 (5th Cir. 1996).

An exemption is "an interest withdrawn from the estate (and hence from the creditors) for the benefit of the debtor." Owen v. Owen, 500 U.S. 305, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991). Such property remains property of the estate until the deadline for filing objections to exemptions has passed. In re Arturo Rodriguez, 278 B.R. 749 (Bankr. N.D. Tex. 2002);

Section 522(d)(11)(D), as of the petition date in the instant case, allows a debtor to exempt a payment, not to exceed $18,450, on account of personal bodily injury. Section 522(d)(5), as of the petition date in the instant case, allows a debtor to exempt the debtor's aggregate interest in any property, not to exceed in value $975 plus up to $9,250 of any unused amount of the exemption provided in Section 522(d)(1).[3] Thus, the maximum exemption to which Debtor would have been entitled as to the settlement proceeds under the Bankruptcy Code (presuming that no homestead exemption was sought) would be $28,675.

Notwithstanding Debtor's lack of a colorable basis for exemption of more than $28,675 in proceeds, the failure of any

---

[3]Section 522(d)(1), as of the petition date in the instant case, allows a debtor to exempt the debtor's aggregate interest, not to exceed $18,450 in value, in real property or personal property that the debtor uses as a residence. The court notes that, in Debtor's amended schedules filed December 10, 2007, Debtor no longer declares as exempt the homestead listed in the initial schedules. Debtor has not amended the schedules or the plan to reflect the disposition of the property formerly listed as homestead.

party in interest to object to the exemption of the personal injury suit results in allowance of the exemption as to the entirety of Debtor's recovery.  <u>Taylor v. Freeland & Kronz</u>, 503 U.S. 638, 644, 112 S.Ct. 1644, 1648, 118 L.Ed.2d 280 (1992).  <u>See also</u> <u>In re Chaparro Martinez</u>, 293 B.R. 387 (Bankr. N.D. Tex. 2003).[4]

In <u>In re Chaparro Martinez</u>, the court analyzed the treatment of a personal injury claim, the proceeds of which were entirely exempt, in the context of determining whether to approve the settlement.  The court held that, where the proceeds were entirely exempt, the court lacked jurisdiction to consider whether to approve the settlement or to allow attorney fees to the special counsel who prosecuted the personal injury claim on behalf of the debtor.  <u>In re Chaparro Martinez</u>, 293 B.R. 387 (Bankr. N.D. Tex. 2003), <u>citing</u> <u>Palmer & Palmer P.C. v. U.S. Trustee (In re Hargis)</u>, 887 F.2d 77 (5th Cir. 1989).

In the instant case, in the absence of a further amendment to exemptions by the Debtor, and the time to object to the exemptions as declared on December 10, 2007 having passed, the personal injury claim has ceased to be property of the bankruptcy estate.  As such, this court's consideration of the application to employ and the application for approval of the

---

[4]The court notes, however, that this determination is without prejudice to the ability of any party in interest to object to Debtor's exemptions if Debtors amend the exemptions again.

settlement are moot.

Based on the foregoing, a separate Judgment will be entered denying without prejudice the "Application for Approval of Settlement of Personal Injury Claim" (Docket No. 61) and the "Application to Employ Counsel Nunc Pro Tunc" (Docket No. 62) as moot.

Signed at Houston, Texas on June 3, 2008.

_____
LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE